ELLIS, Judge:
This is a suit by Gregory F. Tims against Coleman Oldsmobile, Inc. and Motors Insurance Corporation for damages resulting from the alleged failure of defendants to repair plaintiff’s automobile properly and within a reasonable time following an accident. From an adverse judgment, plaintiff appeals.
Plaintiff’s car was damaged in an accident on December 3, 1977. The vehicle was insured for collision damage by Motors Insurance Corporation. Plaintiff notified Motors of the accident, and by December 10, 1977, a repair estimate had been prepared' by Nolan Crowe, an adjuster for Motors. Due to a question as to ownership of the vehicle, plaintiff did not authorize that the repairs be made until some time later. Plaintiff testified that he authorized the repairs on January 13th or 14, 1978. Clyde LaPorte, Coleman’s Body Shop manager, testified that the authorization was given on January 26, 1978. The trial judge found as a fact that Mr. LaPorte had given the *169 proper date, and we find no manifest error in his determination.
According to plaintiff, he was told the repairs would be completed in two weeks after December 7, 1977. He stated that he went to Coleman Oldsmobile on February 8th, 10th, 14th, 17th and 22,1978, to pick up his car, after having been told that it was ready, but that, on each occasion, he found work still not done. This suit was filed on February 28, 1978.
On March 16, 1978, plaintiff, his father and Allen Bonaventure, a mechanic, went to inspect the car after having been told that it was ready, and found a broken transmission mount and a broken motor mount.
On August 2, 1978, plaintiff, armed with a court order, picked up the car and took it, for inspection, to a transmission service, a mechanic, a body shop, and an auto cleaning establishment. He then returned it to Coleman Olds, where the vehicle still remains. The body shop gave an estimate of $558.51 to repair certain items pointed out to the mechanic by plaintiff. However, the mechanic was unable to say that these items had been caused by the accident.
Mr. LaPorte testified that on one or two occasions, plaintiff had been told that his car was ready when it was not. He stated that work which Coleman did not believe was necessitated by the accident was performed in order to satisfy plaintiff. He further stated that the transmission and motor mounts were immediately replaced, so that the car was, in fact, ready to be picked up on March 16, 1978.
The trial judge found that Motors Insurance Company had authorized the repair of the vehicle reasonably quickly, and that they were therefore not liable. He further was of the opinion that the damage resulting from the accident was repaired by Coleman by March 16, 1978. He felt that any loss of the use of the ear thereafter was due to plaintiff’s own fault, and awarded him no damages. He must, therefore, have been of the opinion that it was not unreasonable to take from January 26th until March 16, 1978, to repair the damage to the car.
Since there is credible evidence in the record to justify this conclusion, we find no manifest error.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.